E-FILED
Wednesday, 05 October, 2016  12:26:15 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KEVIN W. STANBRIDGE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 15-3300 |
| | ) | |
| GREGORY SCOTT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Kevin W. Stanbridge has filed a Petition under 28 U.S.C. § 2254 [d/e 1] for Writ of Habeas Corpus and a Motion for Relief from Judgment [d/e 2]. Pending also is the Respondent's Motion to Dismiss without Prejudice [d/e 11].

## I. BACKGROUND

On May 4, 2005, while Petitioner Kevin W. Stanbridge was serving a seven-year prison sentence for criminal sexual abuse of a child, the State filed a petition to have him civilly committed pursuant to the Illinois Sexually Violent Persons Commitment Act (the SVP Act), 725 ILCS 207/1,

et seq.  Under the SVP Act, a person may be civilly committed if he or she is found to be a "sexually violent person," meaning a person who has been convicted of a sexually violent offense and suffers from a mental disorder that makes it substantially probable he or she will engage in additional acts of sexual violence.

On October 12, 2007, an Adams County, Illinois jury found the Petitioner to be a sexually violent person and he was ordered to be committed to a secured facility for institutional care and treatment until such time that he was no longer sexually violent.

The Petitioner appealed and the appellate court affirmed.  On March 25, 2009, the Illinois Supreme Court denied the Petitioner's corresponding PLA.  The Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

On February 10, 2010, the Petitioner filed a petition for relief from judgment, alleging that his appellate counsel in the civil commitment proceeding provided ineffective assistance by failing to argue, among other things, that the trial judge violated due process and should have recused

himself and there was not probable cause to believe the Petitioner was sexually violent.  As of the time the Respondent's Motion was filed, there had been no final ruling on that petition.

On October 20, 2015, the Petitioner filed the present habeas corpus petition, challenging the October 2007 civil contempt judgment.   The petition raises the following grounds:

(1) Petitioner's appellate counsel provided ineffective assistance by (i) failing to argue that the trial judge violated due process and should have recused himself; (ii) failing to include pro se pleadings in the Notice of Appeal; (iii) making vague arguments; (iv) failing to argue facts and evidence barred from Petitioner's counsel's use at trial; (v) failing to contest the State's use of certain trial transcripts; and (vi) failing to contest the testimony of one of the State's experts;

(2) The judge who found probable cause that Petitioner was a sexually violent person such that the initial civil commitment proceedings should proceed to trial was biased against Petitioner;

(3) Prosecutorial misconduct relating to the State's decision to seek

3

Petitioner's civil commitment; and

(4) There was insufficient evidence to prove Petitioner was a sexually violent person.

The petition also raises a number of state law grounds that are not cognizable on federal habeas review.  See Estelle v. McGuire, 502 U.S. 62, 67 (1991).

## II. LEGAL DISCUSSION

A petition for habeas corpus "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  A petitioner must present his claims to each level of the state's courts for their review before seeking habeas relief.  See Woods v. Schwartz, 589 F.3d 368, 373 (7th Cir. 2009).  The exhaustion requirement promotes federal-state comity by giving state courts the first opportunity to address and correct violations of a petitioner's federal constitutional rights.  See, e.g., Coleman v. Thompson, 501 U.S. 722, 731 (1991).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the

meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

The Respondent asserts that Petitioner has not exhausted Ground 1 because his petition for relief from judgment–which, like Ground 1, alleges that his appellate counsel provided ineffective assistance–remains pending in the state court.  See People v. Lawton, 818 N.E.2d 326, 332 (Ill. 2004) (civilly committed persons may challenge competence of counsel through petition for relief from judgment).  The Respondent contends the Petitioner has failed to exhaust his state court remedies as required by § 2254 and, therefore, the Court should not consider his claim.  See, e.g., Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008)) (affirming dismissal of unexhausted petition).

The Respondent further asserts there is no reason to stay the Petitioner's federal habeas petition rather than dismiss it without prejudice.  A stay may be appropriate if "dismissing a petition without prejudice will effectively end any chance at federal habeas review" due to the statute of

limitations.  Id. (internal quotations omitted).  The Respondent claims there is no such concern here.

The Petitioner's judgment of civil commitment became final on June 23, 2009–ninety days after the Illinois Supreme Court denied his PLA on direct review–when the time to file a petition for a writ of certiorari in the United States Supreme Court expired.  Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012).  The Petitioner filed his petition for relief from judgment less than eight months after that date, on February 10, 2010.

The Respondent contends those state proceedings remain pending and, if the state court concludes that the petition was properly filed, the Petitioner will have four months remaining when those proceedings end to re-file his federal habeas petition.  See 28 U.S.C. § 2244(d)(2) (one-year limitations period applicable to habeas petitions tolled by "properly filed" application for collateral review).  Consequently, a stay is not necessary to preserve the timeliness of the Petitioner's habeas petition.  See, e.g., Tucker, 538 F.3d at 735 (dismissal, rather than stay, is appropriate where five months of limitations period remained when district court dismissed habeas

petition).  The Respondent further notes that, if the state court dismissed the petition for relief from judgment for some procedural irregularity (thus precluding its tolling effect under § 2244(d)(2)), a stay would not benefit the Petitioner either because in that case even his original habeas petition (filed October 20, 2015) would be untimely given that the civil commitment judgment became final in 2009 and the Petitioner filed no other pleadings that would toll the limitations period.

The Petitioner states that he must presume the trial court in his SVP Act case chose to ignore the petition for relief from judgment and subsequent motion.  He notes that the trial judge assigned to the case, Judge William Mays, Jr., retired on January 15, 2016.  The Petitioner states that, at the time of his response, no judge had been assigned to replace Judge Mays.

The Court has reviewed the Adams County court records.  The docket report for People v. Kevin K. Stanbridge, Case Number 2005MR45, shows that Judge John C. Wooleyhan was assigned to hear the case on February 1, 2016.  Although there have been a number of filings in the case since

7

then, it does not appear that the petition for relief from judgment has been decided.   The docket report reflects that a petition for discharge from custody was filed on September 9, 2016, and a motion hearing is set for October 20, 2016.

Based on the foregoing, the Court concludes that Petitioner has not exhausted his state court remedies.   Consequently, the petition will be dismissed without prejudice because Ground 1 is not exhausted.   If the state court concludes the petition was properly filed, the Petitioner will have more than four months remaining to file his federal habeas petition at the conclusion of those proceedings.

The Court further finds that Petitioner is not entitled to a certificate of appealability because the Petitioner has not "made a substantial showing of the denial of a constitutional right."   See 28 U.S.C. § 2253(c)(2).

When the Court denies a petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only if the Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

3:15-cv-03300-RM  # 14  Page 9 of 9

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Petitioner has not shown that jurists of reason would find it debatable that the petition states a valid claim of the denial of a constitutional right.

Because jurists of reason also would not find it debatable whether the procedural ruling was correct, moreover, the Court declines to issue a certificate of appealability.

Ergo, the Respondent's Motion to Dismiss without Prejudice the Petitioner's unexhausted Habeas Petition [d/e 11] is ALLOWED.

The Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [d/e 1] is DISMISSED without Prejudice.

The Petitioner's Motion under Rule 60 for Relief from Judgment [d/e 2] is DENIED.

ENTER: October 4, 2016

FOR THE COURT:

/s/ Richard Mills
Richard Mills
United States District Judge